## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEWELED CROSS COMPANY,** | **Civil Action No. 08-1821 (FLW)** |
| **Plaintiff,** | |
| **v.** | **REPORT & RECOMMENDATION** |
| **BUY-RITE DESIGNS, INC.,** | |
| **Defendant.** | |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon motion by Plaintiff Jeweled Cross Company ("Plaintiff"), seeking an Order entering default judgment against Defendant Buy Rite Designs, Inc. ("Defendant"). Plaintiff filed the motion for default judgment on September 15, 2009. Defendant has not opposed Plaintiff's Motion. In light of Defendant's failure to respond to Plaintiff's Motion, coupled with the pattern of nonfeasance exhibited by Defendant in regard to this litigation, this Court entered an Order to Show Cause requiring Defendant to appear before the Court on November 5th, 2009 at 10:00 AM in order to show cause why Plaintiff's motion for default judgment should not be granted. On November 5th, 2009, the date set for the Order to Show Cause Hearing, Defendant failed to make its required appearance. For the reasons set forth below, the Court recommends that Plaintiff's motion for default judgment be GRANTED.

## I.    Background

The underlying case involves a copyright infringement claim based on Defendant's alleged designing, manufacturing, purchasing, selling, and disseminating of products that infringed on Plaintiff's copyright. On April 15th, 2008, Plaintiff filed a complaint in the instant action against Defendant for damages that resulted from Defendant's alleged copyright

infringement. [Docket Entry No. 1].  On June 16, 2008, Defendant filed an Answer. [Docket Entry No. 4].  This case progressed and discovery commenced, with Defendant having failed to produce any individuals for depositions pursuant to Fed.R.Civ.P. 30(b)(6) as well as other requested products and documents.  On June 18, 2009, Defendant's counsel filed a motion to withdraw. [Docket Entry No. 10].  The Court granted Defendant's counsel's motion and permitted withdrawal. [Docket entry No. 11]. On July 13th, 2009, this Court held a telephone conference. Defendant Buy-Rite Designs, Inc. failed to participate.

On September 15, 2009, Plaintiff filed the instant motion seeking a default judgment against Defendant. [Docket Entry No. 49]. A copy of this motion was sent to Defendant on September 15th, 2009 via certified mail and first class mail. The first class mail was not returned by the U.S. Postal Service.  Despite having the opportunity to do so, Defendant never opposed Plaintiff's motion for default judgment.  As a result of this failure and given Defendant's pattern of nonfeasance with respect to this litigation, this Court entered an Order to Show Cause, requiring Defendant to appear on November 5th, 2009 at 10:00 a.m. to show cause why Plaintiff's motion for default judgment should not be granted. [Docket Entry No. 14]. A copy of the Order to Show Cause was sent to Defendant via certified mail and first class mail on October 13th, 2009. The certified mail letter was returned to sender as "refused" on October 23rd, 2009.  In line with its previous pattern of nonfeasance, Defendant failed to make the requisite appearance at the Court's November 5th, 2009 Order to Show Cause.

**II.    Analysis**

Default is governed by Federal Rule of Civil Procedure 55.  Rule 55(a) requires the clerk to enter default against a party who has "failed to plead or otherwise defend" an action.

2

Thereafter, Rule 55(b) allows the Court to enter a judgment by default upon application of a party.  *See Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).  The Third Circuit has held that the "or otherwise defend" clause is "broader than the mere failure to plead."  *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 917 (3d Cir. 1992).  As a result, a default judgment may be imposed because a party has failed to comply with a court's orders, file a pretrial memorandum or respond to discovery requests.  *Id.* at 918.  Further, a default judgment may be entered against a party who has failed to appear at a conference after filing an answer.  *See e.g.*, *Chanel, Inc. v. Craddock*, No. Civ. A. 05-1593 HAA, 2006 WL 469952 (D.N.J. Feb. 27, 2006).  However, while the Court has "discretion to enter default judgment, . . . default judgment is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, Civil Action No. 06-5231 (WHW), 2008 U.S. Dist. LEXIS 28066 at *7 (D.N.J. Apr. 1, 2008) (citation omitted).

Given the Court's preference for decisions on the merits, before entering a default judgment, the Court "must make explicit factual findings as to:  (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  *Doug Brady*, 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")).  Further, "[i]n weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort."  *Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).

After considering these factors in the context of this case, the Court finds that default judgment should be entered against Defendant. First, the Court finds that the Defendant does not raise any defenses to the claim of copyright infringement in the answer to the complaint. Therefore, the Court finds that this factor weighs in favor of entering a default judgment.

Second, the Court finds that Plaintiff has been prejudiced by Defendant's failure to participate in the remaining litigation. Defendant's failure to participate has significantly delayed these proceedings. Indeed, it has effectively stalled this case. Consequently, the Court finds that this factor weighs in favor of entering a default judgment.

Third, the Court finds that Defendant is responsible for the current state of this litigation. In this respect, the Court notes that it was Defendant's fault alone for delaying the discovery process, not cooperating with its counsel, and failing to attend a status conference with the Court on July 13th, 2009. It was also Defendant's fault alone for failing to appear at the November 5th, 2009 Order to Show Cause Hearing as required by the Court. Under these circumstances, the Court finds that Defendant's culpability weighs in favor of the entry of a default judgment.

Consequently, the Court finds that default judgment should be entered against Defendant. Further, while the Court notes that although it should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. *See Signs by Tomorrow - USA, Inc. v. G. W. Engel Co., Inc.*, Civil No. 05-4353 (RBK), 2006 U.S. Dist. LEXIS 56456, at *5-6 (D.N.J. Aug. 1, 2006 (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Directv, Inc. v. Asher*, Civil Action No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *1 (D.N.J. Mar. 14, 2006) (citation omitted)). However, the Court sees no reason not to award the damages set forth in

4

Plaintiff's motion: $900,000.00 ($150,000.00, which is the statutory maximum, multiplied by the number of known styles infringed upon (6)) plus attorneys' fees and costs of suit.

## III.    Conclusion

For the reasons set forth above, the Court recommends that Plaintiff's motion for default judgment be GRANTED.

IT IS therefore on this 6th day of November 2009,

RECOMMENDED that Plaintiff's motion for default judgment [Docket Entry No. 13] be GRANTED; and it is further

ORDERED that pursuant to L.Civ. R. 72.1(c)(2) and Fed. R. Civ. P. 72(b), within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Report and Recommendation upon Defendant by regular U.S. mail.


Respectfully submitted,


_____s/ Tonianne J. Bongiovanni_____
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

5